**ORDERED.**

**Dated: October 29, 2008**

_____
**EILEEN W. HOLLOWELL**
**U.S. Bankruptcy Judge**

TIFFANY & BOSCO
P.A.
2525 E. CAMELBACK ROAD
SUITE 300
PHOENIX, ARIZONA 85016
TELEPHONE: (602) 255-6000
FACSIMILE: (602) 255-0192

Mark S. Bosco
State Bar No. 010167
Leonard J. McDonald
State Bar No. 014228
Attorneys for Movant

07-08156/1001571610

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| IN RE:<br><br>Charles Rose<br>      Debtor.<br>_____<br>Mortgage Electronic Registration Systems, Inc. its assigns and/or successors in interest<br><br>      Movant,<br>  vs.<br><br>Charles Rose, Debtor; Office of the US Trustee, Trustee.<br><br>      Respondents. | No. 2:07-bk-05284-EWH<br><br>Chapter 11<br><br>(Related to Docket # 48)<br><br>**ORDER REGARDING STIPULATION REGARDING MOTION FOR RELIEF** |

IT IS HEREBY ORDERED by and between the parties herein, through counsel undersigned, that all stays and injunctions, including the automatic stays under U.S. Bankruptcy Code Section 362(a), are hereby vacated with respect to the real property which is the subject of the Deed of Trust recorded , at Recorders No. , in the records of the Maricopa County, Arizona Recorder's Office, wherein Charles

Rose, is designated as trustor and Mortgage Electronic Registration Systems, Inc. its assigns and/or successors in interest is the current beneficiary, which Deed of Trust encumbers the following described real property:

> The West half of the Southwest quarter of the Northwest quarter of the Northeast quarter of Section 20, Township 3 North, Range 5 East of the Gila and Salt River Base and Meridian, Maricopa County, Arizona.

IT IS FURTHER ORDERED that the debtor will cure the post-petition arrearages currently due as follows:

| | |
|---|---|
| November 1, 2007 @ $2,474.63 | =$2,474.63 |
| December 1, 2007 @ $2285.95 | =$2,285.95 |
| January 1, 2008 @ $2,305.91 | =$2,305.91 |
| February 1, 2008 @ $2,249.67 | =$2,249.67 |
| March 1, 2008 @ $2,104.53 | =$2,104.53 |
| April 1, 2008 @ $1,904.96 | =$1,904.96 |
| May 1, 2008 @ $1,904.96 | =$1,904.96 |
| June 1, 2008 @ $1,799.73 | =$1,799.73 |
| July 1, 2008 @ $1,687.25 | =$1,687.25 |
| August 1, 2008 @ $1,743.49 | =$1,743.49 |
| September 1, 2008 @ $1,743.49 | =$1,743.49 |
| (1) BPO – Incurred 7/17/08 @ $100.00 | =$ 100.00 |
| (2) Pay by phone fee – 9/2/08 $5.00 | =$ 5.00 |
| **BANKRUPTCY ATTORNEYS FEES AND COSTS** | =$ 600.00 |
| **TOTAL AMOUNT OF POST PETITION DEFAULT** | =$22,909.57 |
| **LESS FUNDS RECEIVED 9/2/08** | =-($2,485.00) |
| **TOTAL AMOUNT OF POST PETITION DEFAULT** | **=$20,424.57** |

1. The total arrearage $20,424.57 above shall be paid in a lump sum payment on or before March 15, 2009. This payment shall be in addition to the regular monthly payments.

2. In addition to the payment listed in Paragraph 1, the Debtor will make the regular post petition payment due for October 1, 2008 in the amount of $1,687.45, which shall be made when due, and all subsequent payments shall be made when due. Because the payment amount changes monthly; Debtor can obtain payment information more specifically, the payment amount due by call 1800-306-6057 (15) fifteen days prior to the next due date.

2

IT IS FURTHER ORDERED that Mortgage Electronic Registration Systems, Inc. its assigns and/or successors in interest as the current beneficiary under the above described Deed of Trust, agrees not to conduct a Trustee's Sale or judicial "foreclosure" on its Deed of Trust, so long as the terms of this Stipulation are complied with. In the event of default in making any payments described herein Secured Creditor is permitted, in its discretion, to conduct a Trustee's Sale, judicial foreclosure, or take whatever other actions necessary to protect their interest in the above legally described property upon giving written notice of such default to Debtor, Debtor's Counsel and Trustee and Debtor's failure to cure such default within fifteen (15) days of the date of such notice. In the event said default is not cured within said fifteen (15) day period, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the Plan.

IT IS FURTHER ORDERED that if a default notice becomes necessary, Debtor will be charged $150.00 for fees and costs associated with handling the curing of the default, to be paid together with the defaulted payment and late charge. Debtor shall tender the default payment, late charge and the additional $150.00 fee for attorney's fees and costs, as set forth above, in the form of a <u>cashier's check or money order</u>, made payable to Movant. If the defaulted payments are not received by Movant, together with the late charge and the $150.00 default fee, within fifteen days after the default notice was sent, all arrearages, both pre-petition and post-petition shall become immediately due and payable in full and pre-petition arrearages shall not continue to be payable under the terms of the plan.

IT IS FURTHER ORDERED that if Debtor Bankruptcy Case No. 2:07-bk-05284-EWH is dismissed, either voluntary or involuntary, for any reason, this Stipulation will become null and void and Mortgage Electronic Registration Systems, Inc. its assigns and/or successors in interest, and after such

dismissal, may, in its discretion, conduct a Trustee's Sale or judicial "foreclosure" on its Deed of Trust or take whatever other actions necessary to protect their interest in the above legally described property.

IT IS FURTHER ORDERED that in the event of conversion by the Debtor to any other bankruptcy chapter, the repayment portion of this Order shall become null and void, except that the portion of this Order vacating the automatic stay under U.S. Bankruptcy Code Section 362 (a) shall remain in full force and effect.

IT IS FURTHER ORDERED that any hearings scheduled in the matter are vacated.

DATED this _____ day of _____ 2008.

_____
JUDGE OF THE U.S. BANKRUPTCY COURT



4

